IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| Maryam Shamim, | |
| Plaintiff, | Case No.: 25-cv-50016 |
| v. | Judge Iain D. Johnston |
| U.S. Secretary of State Marco Rubio, and U.S. Secretary of Department of Homeland Security Kristi Noem, | |
| Defendants. | |

MEMORADUM OPINION AND ORDER

Plaintiff Maryam Shamim filed this Complaint, seeking to compel Defendants to "to take action on her immigrant visa application." Dkt. 1 at 1. Defendants moved to dismiss, raising numerous procedural and substantive objections. For the following reasons, the Court dismisses the Complaint as moot. Although Defendants argued that the case was moot, Shamim didn't respond to this jurisdictional argument.

**Background**

A citizen and native of Pakistan, Shamim is married to a U.S. citizen, Omar Shamim. Dkt. 1 ¶ 11. Omar Shamim lives in Belvidere, Illinois. *Id.* He filed an I-130 visa petition on his wife's behalf. An I-130 petition is only the "first step" in the relevant visa process, "determine[ing] whether the necessary familial relationship exists between" the U.S. citizen–petitioner and the beneficiary. Dkt. 6 at 2. I-130

1

approval "merely provides the basis" to apply for a visa. *Id.* Shamim's I-30 form was approved in April 2024. Dkt 1 ¶¶ 17–18.

Shamim then completed a DS-260 visa application and uploaded all required documents to the State Department's application portal. *Id.* ¶ 19. Shamim attended her scheduled interview at a consulate in Bahrain on September 23, 2024. *Id.* ¶ 20. Receiving no immediate answer from Defendants, Shamim inquired into her status "several" times. *Id.* ¶¶ 21–22.

Approximately four months after her interview, on January 15, 2025, Shamim filed this Complaint. On March 20, 2025, a State Department official denied Shamim's visa application under INA Section 221(g), noting "further administrative processing." Dkt. 6-1. "A visa refusal under Section 221(g) of the [INA] means the applicant did not establish eligibility for a visa to the satisfaction of the consular officer, as is required under U.S. law." *Administrative Processing Information*, travel.state.gov; 8 U.S.C.A. § 1201(g). A consular's office may later overturn a Section 221(g) determination. *See Administrative Processing Information*, travel.state.gov; dkt. 6 at 8 (Defendants acknowledging that it's possible to "overcome" a Section 221(g) refusal). On March 21, 2025, the day after Shamim's application was denied, Defendants moved to dismiss.

**Analysis**

Defendants raise numerous arguments, including standing, mootness, improper venue, and failure to state a claim. Ultimately, the Court holds that

2

Shamim's Complaint is moot (and that Defendants are both improper parties), so it won't reach the merits question or address venue.

Federal Rule of Civil Procedure 12(b)(1) requires a court to dismiss an action when it lacks subject matter jurisdiction. Plaintiff bears the burden of establishing subject matter jurisdiction. *Sapperstein v. Hager*, 188 F.3d 852, 855 (7th Cir. 1999). Article III limits federal jurisdiction to "cases" and "controversies." Constitutional standing requires that a plaintiff must have suffered an "injury in fact," that's "traceable" to the defendant and likely "redressable" by a favorable decision." *Lujan v. Defenders of Wildlife*, 504 U.S. 555 (1992). "[M]ootness [is] the doctrine of standing set in a time frame: The requisite personal interest that must exist at the commencement of the litigation (standing) must continue throughout its existence (mootness)." *Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc.*, 528 U.S. 167, 189 (2000).

### A. *Redressability*

Both Defendants focus on the redressability prong, arguing that Shamim lacks standing to sue either of them, because "[n]either defendant has the power to adjudicate a visa application or even issue a visa." Dkt. 6 at 6. So, Defendants argue, a ruling compelling adjudication wouldn't redress Shamim's injuries. Article III standing requires that a favorable judicial decision will likely redress a plaintiff's alleged injuries. *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016). Regarding Defendant Noem, it's clear that she can't redress Shamim's injuries, because she plays no further role in the visa process. As Defendants explain, U.S. Customs and

3

Immigration Services (USCIS)—a DHS component—supervises the I-30 application process but isn't involved in later visa determinations. *See also Al Gharwy v. U.S. Dep't of Homeland Sec.*, 617 F. Supp. 3d 1, 9 (D.D.C. 2022) (finding no standing against DHS secretary). USCIS approved Shamim's I-30 application and forwarded it to the consular's office, completing its role in the visa process. So, Shamim lacks standing to bring her claim against Noem, who can't redress Shamim's alleged injuries.

Shamim's claim against Defendant Rubio raises a closer question. Defendants argue that the INA bars the Secretary of State from reviewing visa determinations. Dkt. 6 at 6. Under 8 U.S.C. § 1104(a), the Secretary is charged with "the administration and the enforcement of . . . immigration and nationality laws relating to . . . the powers, duties, and functions of the United States, *except those powers, duties, and functions conferred upon the consular officers relating to the granting or refusal of visas*." (emphasis added). Courts are split on whether that language makes the Secretary powerless to redress a plaintiff's visa claims. *See Yaghoubnezhad v. Stuft*, 734 F. Supp. 3d 87, 98 (2024) (holding Secretary can't redress and collecting contrary cases). This Court agrees with the decision in *Stuft* that the INA's text bars Defendant Rubio from involving himself in consular visa decisions. So, the Court similarly finds that Shamim can't sue Defendant Rubio. However, because many other courts reach the opposite conclusion, the Court will continue its analysis as to Defendant Rubio.

    B.    *Mootness*

4

Shamim's claims are moot, but that finding requires some background. Shamim brings her claims under the APA and the Mandamus Venue Act (MVA) 28 U.S.S. § 1361.[1] Section 706(1) of the APA gives courts authority to compel agency actions "unlawfully withheld or unreasonably delayed." Such a claim "can proceed only where a plaintiff asserts that an agency failed to take a *discrete* action that it is *required* to take." *Stuft*, 734 F. Supp. 3d at 99 (citing *Norton v. S. Utah Wilderness All.*, 542 U.S. 55 (2004). "In other words, Plaintiffs must show that [the] State is subject to a legal duty that is 'ministerial or nondiscretionary' and amounts to a specific, unequivocal demand." *Stuft*, 734 F. Supp. 3d at 99 (cleaned up).

Shamim correctly argues that the INA imposes a nondiscretionary duty to adjudicate all visa applications. 8 U.S.C. § 1202 ("All nonimmigrant visa applications shall be reviewed and adjudicated by a consular officer."); 22 C.F.R. § 41.121(a) ("When a visa application has been properly completed and executed . . . the consular officer must issue the visa, refuse the visa, or . . . discontinue granting the visa."). So, because the statute imposes a duty to adjudicate, judicial review under the APA is appropriate if a consular officer indefinitely delays that adjudication. *See Stuft*, 734 F. Supp. 3d at 100.

The corollary is also true: Judicial compulsion under the APA is inappropriate if the consulate has adjudicated a visa application. And, in any event, the consular nonreviewability doctrine further insulates that adjudication. That doctrine "bars

---

[1] Courts treat the APA and MVA's requirements as coextensive for unreasonable administrative delay claims. *See Sutton v. Napolitano*, 986 F. Supp. 2d 948, 962 (W.D. Wis. 2013); *Conley v. U.S. Dep't of State*, 731 F. Supp. 3d 104, 109 (D. Mass. 2024).

5

judicial review of visa decisions made by consular officials abroad." *Yafai v. Pompeo*, 912 F.3d 1018, 1021 (7th Cir. 2019). Shamim essentially agrees, conceding that consular officials "have the discretion to determine the outcome of a visa adjudication." Dkt. 1 ¶ 8. "[C]ourts generally have no authority to second-guess the Executive [Branch's] decisions" regarding "who may enter the country." *Yafai*, 912 F.3d at 1021.

All that begs the determinative question: What constitutes a "final adjudication" such that a plaintiff doesn't have a claim under the APA? In this case, Shamim received a Section 221(g) denial for "further administrative processing." If, as Defendants argue, a Section 221(g) denial constitutes a final adjudication, then Shamim can't seek judicial review. On the other hand, if such a denial is only a "delay," then judicial review is possible under the theory that the consulate hasn't satisfied their statutory obligations. Courts are split on this issue. *See Taha v. Blinken*, No. 24-11257, 2025 U.S. Dist. LEXIS 33926, at *7–8 (Feb. 25, 2025) (collecting cases).

The Court believes Section 221(g) functions as a final administrative adjudication. It's true that the consular's office *might* reconsider its decision, but it's also true that it might not. "The mere fact that a decision on a visa application may be subject to reconsideration does not, alone, support available claim for unreasonable delay." *Taha*, 2025 U.S. Dist. LEXIS 33926, at *7. Because no "statute or regulation *requires*" the consular's office to complete administrative processing,

6

there's no non-discretionary duty that's been unlawfully withheld. *Stuft*, 734 F. Supp. 3d at 101. So, Shamim can't seek judicial review under the APA.

Back to why the Court dismisses Shamim's claims as moot. The mootness doctrine requires that "[a]n actual controversy . . . be extant at all stages of review, not merely at the time the complaint is filed." *Arizonans for Off. Eng. v. Arizona*, 520 U.S. 43, 67 (1997). So, a court must "re-evaluat[e] the standing requirements throughout litigation. If at any point the plaintiff would not have standing to bring suit at that time, the case has become moot." *Milwaukee Police Ass'n v. Bd. of Fire & Police Comm'rs of City of Milwaukee*, 708 F.3d 921, 929 (7th Cir. 2013). Shamim brought her claims in January 2025, a few months before the consular's office issued a Section 221(g) denial. At the time she sued, Shamim's claim for unreasonable delay may have been meritless (it had only been four months since her interview) but it was nonetheless legally cognizable. However, once the consular's office issued the Section 221(g) denial—a final adjudication—Shamim's claim became moot and she lacks standing to proceed.

**Conclusion**
For the above reasons, the Court dismisses Shamim's complaint as moot.


Entered: May 14, 2025  By:_____
Iain D. Johnston
U.S. District Judge

7